**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM Y. TREVILLION,

    Plaintiff,

    v.

DONNA EARLE, et al.,

    Defendant.

_____/

No. C 05-3997 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

Pro se plaintiff Kim Y. Trevillion filed this action on October 3, 2005, alleging discrimination in housing on the basis of race, sex, and national origin in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. Defendants are Donna Earle, Garrett Earle, Jim Dunsing and the California Department of Fair Employment and Housing (DFEH). Trevillion also asserts that these defendants discriminated against her on the basis of a complaint filed with the DFEH and the Department of Housing and Urban Development (HUD). In addition, she alleges a claim for discrimination on the basis of race and "coercion" against Cynthia Weyuker, an investigator with the DFEH.

**INTRODUCTION**

According to the allegations of the complaint, Trevillion lived with her daughter, Caroline Brooks, in an apartment complex in Arcata, California. Trevillion asserts that the property manager, Jim Dunsing, told her daughter's landlords, Donna Earle and Garrett Earle, that Trevillion was subletting the apartment from her daughter without authorization and that

her daughter had moved out. On October 19, 2004, Donna Earle and Garrett Earle requested that Trevillion submit a rental agreement in order to continue to occupy the apartment. Trevillion alleges that she submitted the application as requested on or about October 21, 2004 and that the landlords continued to accept and deposit her rent checks until at least September, 2005.

On July 1, 2005, Trevillion's daughter was served with an eviction notice advising her that her mother must sign a rental agreement within three days or evacuate the apartment. The notice also stated that the tenancy would terminate 60 days after service of the notice. On July 20, 2005, Trevillion filed an administrative charge with DFEH, alleging discrimination on the basis of race and sex in violation of the California Fair Employment and Housing Act, California Government Code § 12955(a). At the end of August 2005, Trevillion and her daughter signed a conciliation agreement with their landlord, Donna Earle, and the DFEH, allowing Trevillion to continue occupying the apartment until September 30, 2005 without paying rent for the month of September.

Trevillion filed this action on October 3, 2005. She alleges that after she mailed the rental application in October 2004, the property manager conspired with other tenants at the complex where she was residing to harass and discriminate against her. Among other complaints, Trevillion asserts that Dunsing followed her, spied on her, referred to her race in a derogatory manner, supplied false information to her landlords (Donna Earle and Garrett Earle), and conspired to evict her.

Trevillion also claims that Donna Earle and Garrett Earle discriminated against her by attempting to evict her on the basis of false information, that Donna Earle condones racial discrimination in housing, and that Earle conspired with Dunsing to evict her.

Finally, Trevillion asserts discrimination claims against the DFEH. She alleges that the DFEH forced her to sign the conciliation agreement under duress and coercion, and that the department has engaged in discriminatory practices by harassing Trevillion at her home and place of employment. Trevillion claims the state has maliciously tried to "destroy plaintiff for reporting illegal discrimination." Cmplt. ¶ 10.

1  Trevillion seeks leave to proceed in forma pauperis (IFP).  The court finds that the
2 complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim
3 for which relief can be granted, and therefore DENIES the request for leave to proceed IFP.
4 Because the court finds that amendment may cure the deficiencies of the complaint, LEAVE
5 TO AMEND is GRANTED.

## DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who makes affidavit that . . . the person is unable to pay such fees or give security therefor." The court may dismiss an IFP case at any time, sua sponte, if the court discovers that the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks relief against a defendant who is immune.  42 U.S.C. § 1915(e)(2)(B).  A complaint filed by a pro se plaintiff seeking to proceed in forma pauperis may only be dismissed as frivolous when the petitioner cannot make any claims with a rational or arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may not dismiss an in forma pauperis complaint simply because the court finds the allegations unlikely.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Dismissal on grounds of frivolousness is often ordered prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Id. at 324.

Where a litigant is acting pro se and the court finds the complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

### B. Analysis

Trevillion claims that defendants Donna Earle, Garrett Earle, and Jim Dunsing

3

discriminated against her because of her race, sex, and national origin, in violation of the Fair Housing Act (FHA). The FHA makes it unlawful (1) to deny a dwelling to any person because of race, color, sex, or national origin; (2) to discriminate against any person in the terms, conditions or privileges of rental of a dwelling because of race, sex, or national origin; and (3) to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of any right granted or protected by the Act. 42 U.S.C. §§ 3604(a), (b), 3617; see also Harris v. Itzhaki, 183 F.3d 1043, 1052 (9th Cir. 1999).

In order to plead a claim for discrimination under the FHA, a plaintiff does not have to establish a prima facie case of discrimination. Gilligan v. Jamco Development Corp., 108F.3d 246, 249 (9th Cir. 1997). Rather, a plaintiff need only allege the statutory elements of an FHA claim to state an adequate claim for relief. Id. at 250. A plaintiff's complaint should be dismissed only where it is clear that plaintiff can prove no set of facts that would entitle her to relief. Gonzalez v. Ameriquest Mortg. Co., WL 2472249, *3 (N.D. Cal. 2004).

### 1. Donna Earle and Garrett Earle

As to Donna and Garrett Earle, Trevillion apparently claims that her landlords discriminated against her by trying to evict her because she is an African American female, and thus a member of at least two protected classes. However, nowhere in her complaint does she assert any specific facts to support this claim. Rather, Trevillion alleges that Donna and Garrett Earle evicted her because Jim Dunsing reported she was subletting the apartment from her daughter. Cmplt. ¶ 3. Trevillion makes only vague references to her landlords' condoning racial discrimination by their property manager, Dunsing, and conspiring with Dunsing to evict her. Cmplt. ¶ ¶ 6-7.

In order to properly state a claim for relief, Trevillion must allege that Donna and Garrett Earle denied her housing on the basis of her membership in a protected class or discriminated against her in the terms, conditions, or privileges of rental because of such membership.

Alternatively, Trevillion may allege that Donna and Garrett Earle are liable for the acts of their agent Jim Dunsing, on a respondeat superior theory of liability. The FHA imposes

4

liability without fault on employers "in accordance with traditional agency principles." Meyer v. Holley, 537 U.S. 280, 289 (2003). A plaintiff need not aver an agency relationship in a complaint, but may simply plead an agency relationship. Munoz v. International Home Capital Corp., 2004 WL 3086907, *3 (N.D. Cal. 2004). Trevillion alleges that Dunsing is an agent of Donna Earle, and as a result, sufficiently pleads agency for purposes of the complaint. Cmplt. ¶ 6. However, in order to state a claim for relief, Trevillion must state which acts of Dunsing's violated the FHA, as described below.

### 2. Jim Dunsing

With regard to defendant Jim Dunsing, Trevillion claims that he discriminated against her, and that he did so while acting as an agent of the Earles. She alleges that Dunsing gave false information to Donna and Garrett Earle that she was subletting the apartment from her daughter and that her daughter had moved out. Trevillion also asserts that Dunsing engaged in "discriminatory practices" by referring to plaintiff and her daughter using racial epithets, and conspired with the Earles to place an eviction notice on her door.

However, as with the Earles, Trevillion does not address the statutory elements of an FHA claim as to Dunsing. Trevillion does state that Dunsing engaged in "discriminatory practices," but does not allege that Dunsing denied her housing on the basis of her membership in a protected class, or that he discriminated against her in the terms, conditions or privileges of rental because of her race.

### 3. California DFEH and Investigator Weyuker

Trevillion alleges that the DFEH coerced and intimidated her into signing a conciliation agreement after she filed her complaint against the Earles. The court interprets this as an alleged violation of 42 U.S.C. § 3617 (providing that it is unlawful to coerce, intimidate, threaten or interfere with any person in their exercise of rights under the Fair Housing Act).

Trevillion asserts that she signed the conciliation agreement under "DURESS and COERCION" because she was told if she did not sign she would have to vacate the apartment in three days. Cmplt. ¶ 10. Trevillion also claims that the state "has engaged in discriminatory practices" and has "with malice set out to destroy plaintiff for reporting illegal discrimination."

Id. In addition, Trevillion alleges that an investigator for the DFEH, Cynthia Weyuker, demonstrated bias against plaintiff because of her race, and "solicited a deal to avoid having this discrimination complaint be heard in Court." Id. at ¶ 9.

Trevillion does not make clear in her complaint whether she brings claims against DFEH, Weyuker, or both. Accordingly, the court will address both.

The Eleventh Amendment protects states against suits brought by citizens in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978). Eleventh Amendment immunity also extends to suits against a state agency, and to state officials sued in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 165-68 (1985); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). Unless a state has waived its Eleventh Amendment immunity, Congress has overridden it, or the suit is being brought for injunctive relief against a state official, a state cannot be sued regardless of the relief sought. Douglas v. California Dept. of Youth Authority, 271 F.3d 812, 817-18 (9th Cir. 2001).

Trevillion makes no claim that the state has waived its Eleventh Amendment immunity, nor that Congress has abrogated it in the FHA, and the court finds that it has not. See Gregory v. South Carolina Dept. of Transp., 289 F. Supp. 2d 721, 724-25 (D.S.C. 2003) (citing cases holding that Congress did not abrogate Eleventh Amendment immunity in the FHA). As a result, Trevillion cannot bring a claim against the DFEH and this court finds that plaintiff's claim as to this defendant is frivolous.

The only potential remaining causes of action against the DFEH under the FHA, would be against Cynthia Weyuker either in her individual capacity, or in her official capacity for prospective injunctive relief. However, plaintiff's complaint with regard to Weyuker suffers deficiencies similar to those cited above. Trevillion cannot state a claim against Weyuker under § 3604 of the FHA, because Weyuker was not in a position to deny plaintiff housing or discriminate against her in the terms, conditions or privileges of rental. See 42 U.S.C. § 3604(a)-(b). In order to state a claim against Weyuker under § 3617, Trevillion must allege facts showing that Weyuker coerced, intimated, threatened or interfered with the exercise of

6

her rights under the Fair Housing Act.

### 4. Other Entities

Finally, Trevillion refers to discrimination she suffered at the hands of certain property management companies. Cmplt. ¶ 9.  She names three property management companies, but also generally complains about discriminatory landlords and property management companies in Humboldt County.  In order to properly state a claim for relief under the FHA as to any of these potential defendants, Trevillion needs to identify each defendant and state a constitutional or statutory basis for each cause of action she alleges.

## CONCLUSION

Because Trevillion has failed to state a claim for relief, the complaint must be dismissed under 28 U.S.C. § 1915, and plaintiff's request to proceed IFP is DENIED. Trevillion's claims against DFEH are dismissed WITHOUT LEAVE TO AMEND because the agency has not waived its Eleventh Amendment immunity, nor has Congress abrogated it in the Fair Housing Act.

As to the other defendants, this court GRANTS Trevillion LEAVE TO AMEND her complaint.  In order to state a claim under the FHA against Donna and Garrett Earle, Trevillion must allege that Donna and Garrett Earle denied her housing on the basis of her membership in a protected class or discriminated against her in the terms, conditions, or privileges of rental because of such membership.  Alternatively, Trevillion may allege that Donna and Garrett Earle are liable for discrimination by their agent, Jim Dunsing, on a respondeat superior theory of liability.  In that case, Trevillion must allege that Dunsing, while acting as an agent of the Earles, denied her housing on the basis of membership in a protected class, or discriminated against her in the terms, conditions, or privileges of rental because of such membership.  If Trevillion brings a claim against Dunsing personally, she must allege that he denied her housing on the basis of her membership in a protected class, or discriminated against her in the terms, conditions, or privileges of rental because of such membership.

Furthermore, if Trevillion wishes to bring a claim for relief against Cynthia Weyuker under the FHA, she must allege facts showing that Weyuker coerced, intimidated, threatened

or interfered with the exercise of her rights under the FHA.  If she seeks injunctive relief, Trevillion must allege what conduct of Weyuker's she is seeking to enjoin. Finally, if Trevillion wishes to bring claims against property management companies in Humboldt County, she must identify each defendant by name and state a constitutional or statutory basis for each cause of action she alleges.

The amended complaint must be filed no later than December 20, 2005.  If plaintiff fails to file the amended complaint by that date, or if she files an amended complaint not in accordance with the above instructions, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: November 17, 2005

PHYLLIS J. HAMILTON
United States District Judge